UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOSE BLANDON AMADOR and all others similarly situated under 29 U.S.C. 216(B),

   Plaintiff,

vs.

ANDERS ENVIRONMENTAL GROUP, INC. and DAVID ANDERS,

   Defendants.
_____/

Case No. 1:12-cv-22963-FAM

## MOTION FOR LEAVE TO AMEND ANSWER

Defendants, Anders Environmental Group, Inc. and David Anders, pursuant to Rule 15 of the Federal Rules of Civil Procedure, move this Court for leave to amend Defendants' Answer [DE 7]. The Court should grant the requested relief for the reasons set forth below.

## MEMORANDUM OF LAW

Plaintiff commenced this action for an alleged federal overtime wage violation pursuant to the Fair Labor Standards Act 29 U.S.C. §§ 201-216 ("FLSA") on August 14, 2012. Defendants filed their answer on September 6, 2012. The Court's Scheduling Order, entered on September 21, 2012, states that the deadline to join additional parties or to amend pleadings is October 12, 2012 [DE 8]. Plaintiff propounded Interrogatories, Request for Admissions, and Request for Production on October 19, 2012, which became due on December 5, 2012.[1]

Paragraph 11 of the Complaint states, "Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2009, 2010, and 2011." Defendants responded in good faith by admitting to Paragraph 11 in their

---

[1] Defendants were granted an enlargement of time to respond [DE 14].

Answer. Plaintiff's allegation is significant in that the Defendant must meet the definition of an enterprise engaged in commerce for the FLSA to apply. 29 U.S.C.A. § 203 (s)(1). Pursuant to § 203(s)(1)(A)(ii), an enterprise engaged in commerce "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." As the defendants gathered financial documents and consulted the corporate defendant's accountant in preparing responses to Plaintiff's Request for Admissions, Interrogatories, and Request for Production, it has become clear that while the corporate defendant had sales exceeding $500,000 in 2010 and 2011, it did not have sales made or business done for 2009 exceeding $500,000. Thus, Plaintiff may not recover for any alleged overtime wages for the year 2009, because Defendants were not an entity engaged in commerce. Accordingly, Plaintiff needs to Amend the Complaint so that Paragraph 11 may be denied as to 2009. The proposed Amended Answer is attached as Exhibit 1.

Rule 16(b)(4) of the Federal Rules of Civil Procedure states that a scheduling order may be modified for good cause and with the judge's consent. A party must also show that the "schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Hurtado v. Raly Development, Inc.*, 281 F.R.D. 696, 690 (S.D. Fla. 2012) (quoting *Williams v. Baldwin Cnty. Comm'n*, 203 F.R.D. 512, 516 (S.D.Ala.2001)). Diligence is shown when a Motion to Amend is filed promptly following the discovery of new information or a mistaken response in a pleading. *Id.* at 700. Furthermore, the Court should grant a motion to amend when the reason for amending touches on a central issue in the case. *Id.* Defendants have acted with the required diligence in that this Motion is being filed within one day of discovering new information and realizing the mistaken admission to Paragraph 11. The reason for amending is central to the dispute as it touches on the applicability of the FLSA over an entire year in which the Plaintiff is

seeking damages. A request to amend a pleading after the deadline imposed by a scheduling order should also be examined in light of Rule 15(a)(2). *Id.* at 609. If relief is not granted, Plaintiff may be able to recover on a claim that he is not entitled to. As the relief sought would cause no prejudice to Plaintiffs, this issue should be heard on the merits, especially given Defendants have not previously amended their Answer. See *Id.* at 700.

Wherefore, this Court should grant Defendants' Motion for Leave to Amend the Pleadings.

### CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in this motion and in a good faith effort to resolve the issues but has been unable to resolve the issues.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 10, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By:   s/Kenneth L. Minerley
Kenneth L. Minerley
Fla. Bar No. 521840
ken@minerleyfein.com

MINERLEY FEIN, P.A.
Attorneys for Defendants
1200 N. Federal Highway, Suite 420
Boca Raton, FL 33432
Phone: 561/362-6699
Fax:    561/447-9884